IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )        8:01CR215
                               )
       v.                      )
                               )
TRACY COOK,                    )        MEMORANDUM OPINION
                               )
            Defendant.         )
_____)


        This matter is before the Court on defendant's motion
filed pursuant to 28 U.S.C. § 2255 to vacate, set aside or
correct his sentence (Filing No. 135), together with his
supporting brief (Filing No. 136).  The defendant's motion sets
forth two grounds.  Ground 1 claims ineffective assistance of
counsel in the following particulars:

                a) Defendant's counsel's strategy
                to elicit evidence of defendant's
                affiliation to the 33rd Small
                Street Crips was deficient and
                unreasonable.

                b) This strategy was also
                unreasonable because counsel
                erroneously understood the "opening
                the door" doctrine and failed to
                request a limiting instruction to
                control the prejudice produced by
                his strategy.

                c) Counsel failed to observe
                procedures to protect defendant's
                right to have prior convictions
                admitted solely for impeachment
                purposes, if any, but not as

substantive evidence of guilt, and
this was unreasonable and
prejudicial under the *Strickland*
test.

d) Counsel's failure to investigate
and obtain available documentary
evidence to support the necessity
of a professional updated
evaluation of defendant's
competence was ineffective and
prejudicial under the *Strickland*
test.

Ground 2 is based on a Sixth Amendment claim.
Defendant states that the indictment in his case charged him with
a conspiracy to distribute 50 grams or more of cocaine base.
However, after he was convicted by a jury, the Court found by a
preponderance of the evidence at sentencing that the actual
quantity involved in the conspiracy was 600 grams.  The defendant
claims the sentence under this calculation is illegal under
*United States v. Booker,* 125 S.Ct. 738 (2005).

Under date of April 28, 2005, defendant submitted a
motion (Filing No. 137) to amend his § 2255 motion by adding an
Eighth Amendment claim.  The Court will grant the motion and
consider it timely filed as it was submitted for mailing within
one year of the date the defendant could have filed the petition
for writ of certiorari with the Supreme Court.  *See Clay v.
United States*, 537 U.S. 522, 135 L.Ed.2d 88, 123 S.Ct. 1072
(2003).

-2-

In his motion he requests an evidentiary hearing. The Court has reviewed his motion and supporting brief, his motion to amend, the transcript of the trial (Filing No. 89), the sealed transcript (Filing No. 54) of the hearing the Court held on defendant's motion to determine his mental competency to stand trial, and the opinion of the United Stats Court of Appeals for the Eighth Circuit, affirming the conviction and sentence, which was filed on January 30, 2004 (See 356 F.3d 913 (8th Cir. 2004)). Considering the issues which defendant has raised, after a review of the foregoing material, the Court is satisfied that no further hearing or evidence is necessary.

**BACKGROUND**

A second superseding indictment (Filing No. 32) filed March 20, 2002, charged defendant with two counts of possession with intent to distribute crack cocaine and one count of conspiracy to distribute and possess with intent to distribute crack cocaine. The defendant entered pleas of not guilty to these charges. The case was initially set for trial to commence on June 24, 2002. However, on June 19, 2002, the defendant filed a motion for a hearing to determine his mental competency to stand trial. In lieu of proceeding with trial, the Court held a hearing on the motion on June 24, 2002, following which the Court found defendant competent to stand trial. The trial of the case was rescheduled to commence on July 15, 2002, at which time the

-3-

case proceeded with the presentation of evidence and submission to a jury, which found defendant guilty of all three charges in the superseding indictment.  In connection with the conspiracy charge, the jury found that the defendant was responsible for more than 50 grams of crack cocaine.

Prior to the trial which had been set for June 24, 2002, the government had filed an information to establish prior convictions (Filing No. 44) filed May 29, 2002.  This motion was filed pursuant to 21 U.S.C. § 851.  As a result of the two prior convictions, defendant faced a mandatory life sentence on his conspiracy conviction.  Subsequently on January 3, 2003, the defendant was sentenced to 360 months each on Counts I and II and to a term of life imprisonment on Count III, all terms of imprisonment to run concurrently (Filing No. 104).

Defendant timely appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit, raising the following issues:

> 1) That his sentence was improperly enhanced based on two prior felony drug convictions;
>
> 2) That the district court improperly applied an obstruction of justice enhancement;
>
> 3) That the evidence was insufficient to support a verdict of guilty.

-4-

These three grounds were raised in the brief filed by his counsel.  In addition, defendant filed a brief, raising the following additional grounds:

> a) That he was denied a competency hearing;
>
> b) That he was not properly notified of the government's information to establish prior convictions;
>
> c) That he was denied a fair trial when the government introduced five prior convictions;
>
> d) That he was denied effective assistance of counsel; and
>
> e) That there was insufficient evidence to support his conspiracy conviction.

After hearing oral argument, the United States Court of Appeals affirmed both his conviction and his sentence in its opinion filed January 30, 2004.  He subsequently filed a petition for rehearing by the panel and for rehearing en banc, both of which were denied on March 18, 2004.  His § 2255 petition was timely filed on April 18, 2005.

## DISCUSSION

A.  Ineffective assistance of counsel claim

With respect to effective assistance of counsel as required by the Sixth and Fourteenth Amendments to the Constitution, the seminal case is *Strickland v. Washington*, 466

-5-

U.S. 668 (1984), wherein the Supreme Court laid down the
following guidelines:

> Thus, a court deciding an actual
> ineffectiveness claim must judge
> the reasonableness of counsel's
> challenged conduct on the facts of
> the particular case, viewed as of
> the time of counsel's conduct.  A
> convicted defendant making a claim
> of ineffective assistance must
> identify the acts or omissions of
> counsel that are alleged not to
> have been the result of reasonable
> professional judgment.  The court
> must then determine whether, in
> light of all the circumstances, the
> identified acts or omissions were
> outside the wide range of
> professionally competent
> assistance.  In making that
> determination, the court should
> keep in mind that counsel's
> function, as elaborated in
> prevailing professional norms, is
> to make the adversarial testing
> process work in the particular
> case.  At the same time, the court
> should recognize that counsel is
> strongly presumed to have rendered
> adequate assistance and made all
> significant decisions in the
> exercise of reasonable professional
> judgment.
>
> *  *  *
>
> An error by counsel, even if
> professionally unreasonable, does
> not warrant setting aside the
> judgment of a criminal proceeding
> if the error had no effect on the
> judgment.  *Cf. United States v.
> Morrison*, 449 U.S. 361, 364-365, 66
> L.Ed. 2d 564, 202 S.Ct. 665 (1981).
> The purpose of the Sixth Amendment
> guarantee of counsel is to ensure

-6-

that a defendant has the assistance
necessary to justify reliance on
the outcome of the proceeding.
Accordingly, any deficiencies in
counsel's performance must be
prejudicial to the defense in order
to constitute ineffective
assistance under the Constitution.

* * *

Attorney errors come in an infinite
variety and are as likely to be
utterly harmless in a particular
case as they are to be prejudicial.
They cannot be classified according
to likelihood of causing prejudice.
Nor can they be defined with
sufficient precision to inform
defense attorneys correctly just
what conduct to avoid.
Representation is an art, and an
act or omission that is
unprofessional in one case may be
sound or even brilliant in another.
Even if a defendant shows that
particular errors of counsel were
unreasonable, therefore, the
defendant must show that they
actually had an adverse effect on
the defendant.

It is not enough for the defendant
to show that the errors had some
conceivable effect on the outcome
of the proceeding.  Virtually every
act or omission of counsel would
meet that test, *cf*. *United States
v. Valenzuela-Bernal*, 458 U.S. 858,
866-867, 73 L. Ed. 2d 1193, 102 S.
Ct. 3440 (1982), and not every
error that conceivably could have
influenced the outcome undermines
the reliability of the result of
the proceeding.

* * *

-7-

> The defendant must show that there
> is a reasonable probability that,
> but for counsel's unprofessional
> errors, the result of the
> proceeding would have been
> different.  A reasonable
> probability is a probability
> sufficient to undermine confidence
> in the outcome.
>
>          * * *
>
> In making this determination, a
> court hearing an ineffectiveness
> claim must consider the totality of
> the evidence before the judge or
> jury.

*Strickland v. Washington*, 466 U.S. at 690-695.

With these principles in mind, the Court now addresses defendant's claims.

Claims 1(a) and 1(b) both deal with counsel's eliciting evidence regarding defendant's gang membership.  He claims first that it was a bad strategy and second, that his counsel failed to seek a limiting instruction.  This inquiry was only made of one witness, and that was after counsel sought a moment to consult with his client (Tr. 216, et seq.).  It appears from the transcript that the purpose was to lay a basis that gambling was the source of the money which defendant possessed when he was arrested.  This subject of gang membership was also developed by the government during the direct examination of Officer Gonzales (See Tr. 301, et seq.).

-8-

As the United States Court of Appeals noted in its opinion affirming defendant's conviction, ". . . the record contains substantial evidence of Cook's involvement in a conspiracy . . . ." A review of the record and of defendant's memorandum fails to demonstrate that counsel's conduct fell below the standards articulated in *Strickland v. Washington*, *supra*, and defendant has further failed to show that his counsel's conduct had any effect on the verdict of the jury or the judgment entered thereon. In retrospect, defendant disagrees with his counsel's efforts, but this cannot support a finding of ineffective assistance of counsel.

With respect to Claim 1(c), the Court finds no merit in defendant's argument in support of this claim. The exhibits reflecting the convictions (Exhibits 28, 29 and 30) were never received or seen by the jury. On direct examination, the defendant testified, somewhat vaguely, to one prior felony conviction (Tr. 623). On cross-examination, the three exhibits were marked though not received, and the defendant was properly cross-examined about prior felony and/or false information convictions (Tr. 650, et seq.). Defendant fails to show that the alleged conduct of his counsel had any effect on the jury's verdict or the judgment entered thereon, or that it fell below the standards set by *Strickland v. Washington, supra.*

-9-

B.  Defendant's Sixth Amendment Claim

Defendant claims that because the jury verdict found only that the defendant was responsible for more than 50 grams of cocaine base that his sentence premised on a finding by the Court that he was responsible for 689 grams of crack cocaine was illegal under the recent decision of the United States Supreme Court in *United States v. Booker,* 125 S.Ct. 738 (2005). Defendant was tried and convicted in 2002 and sentenced on January 3, 2003.  The Court submitted to the jury the three applicable ranges of sentence available under Title 21, U.S.C. § 841.  A finding that the defendant was responsible for more than 50 grams of crack cocaine placed the defendant in a sentencing range of ten years to life imprisonment.  The findings of the Court did not increase the maximum sentence for which the defendant was subject, and in this case, it would not be material, whether the defendant was found responsible for only 51 grams of crack cocaine or 689 grams of crack cocaine since under either scenario, with the two prior convictions identified in the government's 21 U.S.C. § 851 notice, he was subject to a mandatory life sentence under the provisions of 21 U.S.C. § 841(b).  For these reasons, this ground is without merit, and his claim for relief based on this ground will be denied.

-10-

C.  Eighth Amendment Claim

        The defendant claims his life sentence is invalid because his prior convictions, noted in the government's filing pursuant to 21 U.S.C. § 851 were not "serious" or "substantial" and, therefore, the imposition of a life sentence violates the Eighth Amendment.  Defendant cites 18 U.S.C. § 3559(c)(2)(H)(i) in support of his argument.  This argument fails for two reasons: first, this statute does not apply to 21 U.S.C. § 841(b)(1)(A) as it specifically states that the definitions are for the purposes of 18 U.S.C. § 3559(c)(1); and second, the definition cited does not exclude the two convictions used.  In fact, the definition would include both crimes as "serious drug" offenses.

        Title 21, U.S.C. § 841(b)(1)(A) provides in part:

> If any person commits a violation
> of this subparagraph . . . after
> two or more prior convictions for a
> felony drug offense have become
> final, such person shall be
> sentenced to a mandatory term of
> life imprisonment without release
> . . . .

        The two convictions identified in the government's § 851 filing constituted two felony drug offense convictions, meeting the requirements of the above section.

-11-

For all of the foregoing reasons, defendant's § 2255 motion, as amended, will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 5th day of May, 2005.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court