# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   vs.<br><br>TRACY A. COOK,<br><br>                 Defendant. | 8:01CR215<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's "Omnibus Motion for Relief and Re-Sentencing Pursuant to the First Step Act of December 21, 2018," ECF No. 164, and his Motion to Appoint Counsel, ECF No. 167.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed prior to August 3, 2010.

The Defendant Tracy A. Cook was found guilty of Counts I, II, and III of the Second Superseding Indictment following a trial by jury, and was sentenced on January 3, 2003, to terms of 360 months on Counts I and II (Possession with Intent to Distribute Cocaine Base) and life imprisonment on Count III (Conspiracy to Possess with Intent to Distribute Cocaine Base). His sentence was enhanced due to his prior convictions for felony drug offenses, pursuant to 21 U.S.C. §851(a)(1) and §841(b)(1)(A), causing Count III of the Second Superseding Indictment to carry a statutory mandatory minimum term of life imprisonment. His convictions and sentence were affirmed on appeal.

While it is true that § 401 of the First Step Act reduces and restricts enhanced sentencing for prior drug felony convictions, that portion of the First Step Act has no retroactive application. If the Fair Sentencing Act had been in effect at the time of the Defendant's sentencing, his Base Offense Level and Total Offense Level under the U.S. Sentencing Guidelines would have been lowered, but he still would have been subject to the same statutory mandatory minimum terms. Because his statutory mandatory minimum term on Count III of the Second Superseding Indictment was life imprisonment, he would have received the same sentence if the Fair Sentencing Act had been applied. Accordingly, the First Step Act provides him with no relief.

IT IS ORDERED:

1. The Defendant's "Omnibus Motion for Relief and Re-Sentencing Pursuant to the First Step Act of December 21, 2018," ECF No. 164, is denied;
2. The Defendant's Motion to Appoint Counsel, ECF No. 167, is denied; and
3. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 27th day of February 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge