# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>TRACY A. COOK,<br><br>        Defendant. | 8:01CR215<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant Tracy A. Cook's Motion for Reconsideration, ECF No. 171. Cook asks the Court to reconsider its Memorandum and Order of February 28, 2019, ECF No. 169, in which the Court denied his "Omnibus Motion for Relief and Re-Sentencing Pursuant to the First Step Act of December 21, 2018," ECF No. 164, finding Cook ineligible for such a reduction. The Court appointed counsel for the Defendant, and the matter is now fully briefed. The Court concludes that decisions of the U.S. Court of Appeals issued after the Court's Memorandum and Order of February 28, 2019, demonstrate that Cook is eligible for a reduction of sentence under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Cook was found guilty of Counts I, II, and III of the Second Superseding Indictment following a trial by jury, and was sentenced on January 3, 2003, to terms of 360 months on Counts I and II (Possession with Intent to Distribute Cocaine Base) and life imprisonment on Count III (Conspiracy to Possess with Intent to Distribute 50 grams or more of Cocaine Base). His sentence was enhanced due to his prior convictions for felony drug offenses, pursuant to 21 U.S.C. §851(a)(1) and §841(b)(1)(A), causing Count

III of the Second Superseding Indictment to carry a statutory mandatory term of life imprisonment.  His convictions and sentence were affirmed on appeal.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses.  The First Step Act, at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed before August 3, 2010.

In the Court's Memorandum and Order of February 28, 2019, it said:

> While it is true that § 401 of the First Step Act reduces and restricts enhanced sentencing for prior drug felony convictions, that portion of the First Step Act has no retroactive application.  If the Fair Sentencing Act had been in effect at the time of the Defendant's sentencing, his Base Offense Level and Total Offense Level under the U.S. Sentencing Guidelines would have been lowered, but he still would have been subject to the same statutory mandatory minimum terms.  Because his statutory mandatory minimum term on Count III of the Second Superseding Indictment was life imprisonment, he would have received the same sentence if the Fair Sentencing Act had been applied.  Accordingly, the First Step Act provides him with no relief.

ECF No. 169 at Page ID 476.

Since the date of that Memorandum and Order, the U.S. Court of Appeals for the Eighth Circuit has issued several opinions concluding that it is a defendant's statute of conviction, and not his relevant conduct, that determines his eligibility for relief under the First Step Act.  See *United States v. McDonald,* 944 F.3d 769 (8th Cir. 2019); *United States v. Howard*, 962 F.3d 1013 (8th Cir. 2020); *United States v. Birdine*, 962 F.3d 1032 (8th Cir. 2020); *United States v. Banks*, 960 F.3d 982 (8th Cir. 2020).  In other words, because Cook was charged in Count III of the Second Superseding Indictment with conspiracy to distribute 50 grams or more of crack cocaine, and the jury found him guilty of that charge, his statutory sentencing range is now determined by 21 U.S.C. §

2

841(b)(1)(B), and not §841(b)(1)(A), even though the Court found him responsible for 694 grams of crack cocaine.

Accordingly, Cook's range of imprisonment under the U.S. Sentencing Guidelines, applying the First Step Act and Fair Sentencing Act, is 210 to 262 months on each of the three Counts, with a ten-year mandatory minimum on Count III. See 2nd Revised 2019 First Step Act Retroactive Sentencing Worksheet, ECF No. 177. The Court has the discretion to reduce Cook's term of imprisonment in consideration of these new Guideline ranges and the new statutory mandatory minimum.

When exercising its discretion to reduce a sentence pursuant to the First Step Act and the Fair Sentencing Act—or to decline to do so—the Court may consider several equities. First, it is logical to infer that the Government would have charged Cook in Count III with conspiracy to distribute 280 grams or more of a mixture of substance containing cocaine base, under § 841(b)(1)(A), if the statute had been so worded at the time. With a conviction under § 841(b)(1)(A), and his prior felony drug convictions, a life sentence would have been mandated, and the First Step Act would provide him with no relief.[1] If he were charged today with conspiracy to distribute 280 grams or more of a mixture or substance containing cocaine base, under § 841(b)(1)(A), and if his prior felony drug convictions had been drug *trafficking* convictions, a sentence of at least 25 years would be mandated. The Defendant notes, however, and the Presentence Investigation Report confirms, that his prior felony drug convictions were for possession of cocaine and not for trafficking. See ECF No. 113, Page ID 119, ¶¶ 21, 22. Accordingly, the Court infers that

---

[1] Section 401 of the First Step Act lowered the mandatory life sentence in 21 U.S.C. § 402(a)(2)(A)(ii) to a sentence of not less than 25 years, but is not retroactive.

a ten-year mandatory minimum term would have been mandated for Count III under those circumstances. Second, it must be recognized that in passing the Fair Sentencing Act and First Step Act, congress intended to diminish sentencing disparities for crack cocaine and powder cocaine offenses. Third, Cook's history includes both aggravating and mitigating factors. Although he was only 23 years of age at the time of the offenses that led to his current incarceration, his criminal history was lengthy and serious, demonstrating a deeply ingrained choice of criminal lifestyle. During his incarceration, he has obtained his GED and completed several other educational, vocational, and rehabilitation programs. *See* Defendant's Index of Exhibits, ECF No. 181 to 181-4. He is now 42 years of age.

The Court will exercise its discretion under the First Step Act to reduce Cook's sentences on Counts I, II, and III of the Second Superseding Indictment to 300 months each, all running concurrently and will impose a term of supervised release on Count III of six years, running concurrently with the supervised release imposed in Counts I and II. The other terms and conditions of the original Judgment and Commitment order will remain the same.

IT IS ORDERED:

1. The Defendant Tracy A. Cook's terms of incarceration on Counts I, II, and III of the Second Superseding Indictment are reduced to 300 months each, all running concurrently, a term of six years of supervised release will follow the term of incarceration imposed in Count III, running concurrently with the terms of supervised release imposed in Counts I and II, and all other terms and conditions in the original Judgment and Commitment Order, ECF No. 88, will remain unchanged; and
2. A new Judgment and Commitment Order will be issued.

Dated this 15th day of September 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge